UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHILIP J. LYONS,

                              Plaintiff,

                              v.

DR. JADOW RAO, Facility Health Service
  Director at Attica Correctional Facility,

                              Defendant.
_____

REPORT
and
RECOMMENDATION

11-CV-01040A(F)

APPEARANCES:         PHILIP J. LYONS, *Pro Se*
                                  98-B-0505
                                  Attica Correctional Facility
                                  Box 149
                                  Attica, New York  14011

                                  ERIC T. SCHNEIDERMAN
                                  ATTORNEY GENERAL, STATE OF NEW YORK
                                  Attorney for Defendants
                                  KATHLEEN M. KACZOR
                                  Assistant Attorney General, of Counsel
                                  Main Place Tower
                                  Suite 300A
                                  350 Main Street
                                  Buffalo, New York  14202

       This case was referred to the undersigned by Honorable Richard J. Arcara on May 3, 2013, for pretrial matters including report and recommendation on dispositive motions.  The matter is presently before the court on Defendant's motion to dismiss for lack of jurisdiction and on statute of limitations grounds (Doc. No. 10), filed May 1, 2013.

       On December 7, 2011, Plaintiff Philip J. Lyons ("Plaintiff" or "Lyons"), then incarcerated at Attica Correctional Facility in Attica, New York ("Attica" or "the Correctional Facility"), commenced this action *pro se*, alleging civil rights violations

1

against Defendants, all employees of New York State Department of Corrections and Community Supervision ("DOCCS"). On May 21, 2012, Plaintiff filed an amended complaint (Doc. No. 6), naming only Dr. Jadow Rao ("Defendant" or "Dr. Rao"), as a Defendant,[1] against whom Plaintiff alleges a claim for medical indifference in violation of the Eighth Amendment. Plaintiff died on April 3, 2013, while this action was pending.

A civil rights action is not automatically extinguished by the plaintiff's death. *Chobot v. Powers*, 169 F.R.D. 263, 265-66 (W.D.N.Y. 1996) (holding *pro se* inmate's pending civil rights action against defendants survived the plaintiff's death, but could then be asserted only on behalf of the plaintiff's estate). Pursuant to Fed.R.Civ.P. 25(a)(1),

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If a motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1) ("Rule 25(a)(1)").

Rule 25(a)(1) does not, however, require that the surviving party identify the deceased party's successor or legal representative in the statement or suggestion of death ("suggestion of death"). *Unicom Tales, Inc. v. Banderjee*, 138 F.3d 467, 470 (2d Cir. 1998) ("The rule [25(a)(1)] does not require that the statement identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties."). Nor does Rule 25(a)(1) require service of a suggestion of death upon the successor or representative; rather, the surviving party need serve the

---

[1] Because the Amended Complaint asserts claims against only Dr. Rao, on May 21, 2012, the action was terminated as against others named as Defendants in the original complaint, including Jon Does, Liester Wright, and Erie County Medical Center.

suggestion of death only on those parties involved in the action at the time of the deceased's death. *Id.*

Where, as here, the deceased party is a *pro se* inmate, "it is proper for the surviving party to serve the statement of death upon the deceased prisoner at his last known correctional facility, in accordance with Federal Rule of Civil Procedure 5." *Brown v. New York State Department of Correctional Services*, 2004 WL 2473311, at * 1 (W.D.N.Y. Nov. 2, 2004) (citing Fed.R.Civ.P. 5(b)(2)(B), and *Chobot*, 169 F.R.D. at 267). Further, "[b]y executing service in this manner, the surviving party triggers the ninety-day period in which a proper party may move for substitution." *Id.* (citing *Chobot*, 169 F.R.D. at 266).

In the instant case, on April 11, 2013, Defendant filed a Suggestion of Plaintiff's Death (Doc. No. 9), mailing a copy to Plaintiff at his last known address at Attica. It is undisputed that no motion for substitution was filed within 90 days of Defendant's filing of the Suggestion of Death on the record.

Meanwhile, on May 1, 2013, Defendant filed a motion seeking to dismiss the action for lack of jurisdiction and on statute of limitations grounds (Doc. No. 10) ("Defendant's motion"), supported by a Memorandum of Law (Doc. No. 11). With Plaintiff having passed away several weeks earlier, no response in opposition to Defendant's motion was filed.

Based on the foregoing, including Plaintiff's death on April 3, 2013, which was suggested on the record on April 11, 2013, and served on Plaintiff at his last known address, and more than 90 days having passed since Plaintiff's death was suggested on the record without any motion for substitution having been made by any party or by

the decedent's successor or representative, the action should now be DISMISSED as required under Rule 25(a)(1).  Further, Defendant's motion should be DISMISSED as moot.

## **CONCLUSION**

Based on the foregoing, the action should be DISMISSED based on Plaintiff's death without any motion for substitution having been made by any party or by Plaintiff's successor or representative; Defendant's motion (Doc. No. 10), should be DISMISSED as moot; the Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    March 27, 2014
             Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 27, 2014
         Buffalo, New York